5:26-cv-332

# UNITED STATES DISTRICT COURT FOR THE
## SOUTHERN DISTRICT OF TEXAS
### (LAREDO DIVISION)

|  |  |  |
|---|---|---|
| AGUSTIN CECILIO SAYU-CASAS, | ) | |
| Petitioner | ) | Case No. |
|  | ) | PETITION FOR WRIT OF |
|  | ) | HABEAS CORPUS |
|  | ) | UNDER 28 U.S.C. § 2241 |
| v. | ) | |
| Kristi Noem, Secretary of the | ) | |
| U.S. Department of Homeland Security; | ) | |
|  | ) | |
| Pamela Bondi, | ) | |
| Attorney General of the United States; | ) | |
|  | ) | |
| Todd M. Lyons, Acting Director of | ) | |
| Immigration and Customs Enforcement; | ) | |
|  | ) | |
| Warden Of Webb County Detention | ) | |
| Center; | ) | |
|  | ) | |
| Miguel Vergara, Field Office | ) | |
| Director for Enforcement and Removal | ) | |
| Operations, | ) | |
| U.S. Department of Homeland Security; | ) | |
| In their official capacities, | ) | |
|  | ) | |
| Respondents | ) | |
|  | ) | |

## I.  INTRODUCTION

1. Petitioner, Augustin Cecilio Sayu-Casa, A# 243-138-254, is being detained unlawfully at the Webb County Detention Center in the custody of U.S. Immigration Customs and Enforcement ("ICE").

2. Petitioner is a noncitizen of the United States who is being unlawfully detained by Respondents in violation of Section 236(a) of the Immigration and Nationality Act ("INA"), 8 U.S.C. § 1226(a), the Due Process Clause of the Fifth Amendment to the U.S. Constitution, and the Class Certified in *Maldonado Bautista.*

3. Petitioner brings this habeas corpus action pursuant to 28 U.S.C. § 2241 to challenge his continued unlawful detention by Immigration and Customs Enforcement (ICE) in violation of the Immigration and Nationality Act (INA) and the Fifth Amendment to the U.S. Constitution.

4. Absent an Order from this Court, Petitioner will continue to be unlawfully held in detention by ICE.

5. Petitioner asks the Court to find that Petitioner is being unlawfully detained by ICE and order that Petitioner be immediately released from unlawful detention.

## II.  REQUIREMENTS OF 28 U.S.C. § 2243

6. The Court must grant the petition for writ of habeas corpus or issue an order to show cause (OSC) to the respondents "forthwith," unless the petitioner is not entitled to relief. 28 U.S.C. § 2243. If an order to show cause is issued, the Court must require respondents to file a return "within three days unless for good cause additional time, not exceeding twenty days, is allowed." *Id*. (emphasis added).

7. Courts have long recognized the significance of the habeas statute in protecting individuals from unlawful detention. The Great Writ has been referred to as "perhaps the most important writ known to the constitutional law of England, affording as it does a swift and imperative remedy in all cases of illegal restraint or confinement." *Fay v. Noia*, 372 U.S. 391, 400 (1963) (emphasis added).

### III.   JURISDICTION

8. Petitioner is in the physical custody of Respondents and is detained at the Webb County Detention Center in Laredo, Texas.

9. Petitioner's case arises under 28 U.S.C. §2241, and his claims further arise under the INA, 8 U.S.C. § 1101-1538, and its implementing regulations; the APA, 5 U.S.C. §§ 500-596, 701-706; and the U.S. Constitution.

10. This Court has jurisdiction pursuant to 28 U.S.C. § 1331, as this is a civil action arising under the laws of the United States, and under 28 U.S.C. §2241 as the case challenges Petitioner's unlawful detention.

11. The Court may grant relief pursuant to 28 U.S.C. § 2241; the Declaratory Judgment Act, 28 U.S.C. § 2201; the APA, 5 U.S.C §§ 702, 706; the All Writs Act, 28 U.S.C § 1651; Federal Rules of Civil Procedure 65; and the Court's inherent equitable powers.

### IV.   VENUE

12. Venue properly lies in the Southern District of Texas under 28 U.S.C § 1391(e), because Petitioner is detained in this District.

13. In addition, venue is proper in this District because Respondents are officers, employees, or agencies of the United States and because a substantial part of the events or omissions giving rise to the claims occurred in the Southern District of Texas.

## V. PARTIES

14. Petitioner, Agustin Cecilio Sayu-Casas, is a sixty-one -year-old man who is a native and citizen of Cuba who has resided in the United States for over three years. He is currently detained by ICE at the Webb County Detention Center.

15. Respondent, Warden of Webb County Detention Center, is the legal custodian of Petitioner.

16. Respondent, Director of Enforcement and Removal Operations for Immigration and Customs, Enforcement within the State of Texas, an agency of the Department of Homeland Security, and is sued in his official capacity.

17. Respondent Pamela Bondi is the Attorney General of the United, States. She is responsible for the Department of Justice, of which the Executive Office, for Immigration Review and the immigration court system it operates is a component agency. She is sued in her official capacity.

18. Respondent Kristi Noem is the Secretary of Homeland Security of the United States. She is responsible for the implementation and enforcement of the INA, and oversees ICE, which is responsible for Petitioner's detention. Respondent Noem has ultimate custodial authority over Petitioner and is sued in her official capacity.

19. Respondent Todd M. Lyons is the Acting Director of U.S. Immigration and Customs Enforcement and is sued in his official capacity.

## VI. FACTS

20. Petitioner is currently detained at the Webb County Detention Center in Laredo, Texas.

21. Petitioner entered the United States without inspection on or about September 12, 2022. He was arrested by U.S. Border Patrol on that day.

22. Subsequently, after living in the United States for over three years, the Petitioner was rearrested during a check-in appointment with ICE on November 5, 2025.

23. On January 21, 2026, Petitioner had a bond redetermination hearing with an immigration judge at the Immigration Judge denied bond for Lack of Jurisdiction.

## VII. LEGAL FRAMEWORK

### A. Petitioner is Not Detained Under 8 U.S.C. § 1225

24. Petitioner is not being detained under 8 U.S.C. § 1225(b)(1)(B(ii) as alleged by the Immigration Judge. 8 U.S.C. § 1225 governs DHS's inspection of noncitizens who arrive at the borders and ports of entry of the United States. Section 1225 provides for mandatory detention of noncitizens subject to Expedited Removal under 8 U.S.C. § 1225(b)(1) and for other recent arrivals "seeking admission" referred to under § 1225(b)(2).

25. Further, under the plain meaning of the term "arriving" in Section 1225(b)(1)(A)(i), Petitioner cannot be reasonably classified as a noncitizen "who is arriving in the United States," even though he was initially detained as such in Eagle Pass, TX on September 12, 2022.

26. When ICE arrested Petitioner more than three years after he entered the United States, he was not "arriving" in the United States. Rather, he had been living in the United States, *See Bollat Vasquez v. Wolf*, 460 F. Supp 3d 99, 111 (D. Mass. 2020) ("Under the statutory language, if applicants are apprehended while crossing the border (whether or not at a check point), they are 'arriving' applicants under the statute, and if apprehended at some point thereafter, they are not 'arriving,' but rather "alien[s] present in the United States who [have] not been admitted." (quoting 8 U.S.C. § 1225(a)(1))); *Al Otro Lado . Exec. Off. for Immigr. Rev.*, 138 F.4th 1102, 1115 (9th Cir.. 2025), cert. granted sub. nom. *Noem v. Al Otro Lado*, No. 25-5, 2025 WL 3198572 (U.S. Nov. 17, 2025).

27. For the above reasons, Petitioner is not an arriving alien and therefore not subject to mandatory detention under Section 1225(b)(1)(A)(i)

28. Therefore, because Petitioner is not an "arriving alien" under Section 1225(b)(1)(A)(i), his detention beginning on is not governed by Section 1225(b)(1). Likewise, Petitioner is not subject to mandatory detention under Section 1225(b)(2), which theoretically would be the basis for mandatory detention under the BIA case *Matter of Yajure Hurtado,* 29 I&N Dec. 216 (BIA 2025) cited by the Immigration Judge.

29. On September 5, 2025, the Board of Immigration Appeals (a component of the Department of Justice) decided *Matter of Yajure Hurtado*, whereby the Board decided that it was the "plain language" of 8 U.S.C. § 1225(b)(2)(A) that all persons who are present in the United States without admission or parole are all "seeking admission" into the United States and, therefore, not entitled to a bond hearing. However, DHS's and DOJ's set forth in *Matter of Yajure Hurtado* is in direct contradiction with the INA.

30. Section 1225(b) applies to people arriving at U.S. ports of entry or who very recently entered the United States. The statute's entire framework is premised on inspections at the border of people who are "seeking admission" to the United States. 8 U.S.C. § 1225(b)(2)(A); *see also Diaz Martinez*, 2025 WL 2084238, at *8 ("'[O]ur immigration laws have long made a distinction between those [noncitizens] who have come to our shores seeking admission . . . and those who are within the United States after an entry, irrespective of its legality.'" (quoting *Leng May Ma v. Barber*, 357 U.S. 185, 187 (1958))). Indeed, the Supreme Court has explained that this mandatory detention scheme applies "at the Nation's borders and ports of entry, where the Government must determine whether a[] [noncitizen] seeking to enter the country is admissible." *Jennings v. Rodriguez*, 583 U.S. 281, 287 (2018). Accordingly, the mandatory detention provision of § 1225(b)(2) does not apply to someone such as Petitioner, who has already entered and has been residing in the United States at the time he was apprehended.

31. In *Cerritos Echevarria v. Bondi*, Judge Lanza in the District of Arizona concluded that § 1225(b)(2)(A)'s mandatory detention provision applies only to "applicants for admission" who are, in fact, seeking admission at the border, and that long-resident noncitizens arrested in the interior—like Petitioner—fall instead under § 1226(a)'s default detention framework and are entitled to bond hearings. *Cerritos Echevarria v. Bondi*, No. CV-25-03252-PHX-DWL, 2025 WL 2821282, at *4-5 (D. Ariz. Oct. 3, 2025). In *Echeverria*, Judge Lanza noted that "[g]iven that an immigrant submits an 'application for admission' at a distinct point in time, stretching the phrase 'at the time of application for admission' to refer to a period of years would push the statutory text beyond its breaking point." *Id.* At *6.

32. 8 U.S.C. § 1226 authorizes the detention of noncitizens in standard removal proceedings before an IJ. See 8 U.S.C. § 1229a. Individuals in Section 1226(a) detention are generally entitled to a bond hearing at the outset of their detention, see 8 C.F.R. §§ 1003.19(a), 1236.1(d), while noncitizens who have been arrested, charged with, or convicted of certain crimes are subject to mandatory detention until their removal proceedings are concluded, see 8 U.S.C. § 1226(c).

33. According to the Supreme Court, "§ 1226(c) applies to aliens already present in the United States. Section 1226(a) creates a default rule for those aliens…" *Jennings v. Rodriguez*, 138 S.Ct. 830 (2018). The Court states, "Section 1226(a) also permits the Attorney General to release those aliens on bond, '[e]xcept as provided in subsection (c) of this section.'" Section 1226(a) applies by default to all persons "pending a decision on whether the [noncitizen] is to be removed from the United States."

34. In the case at bar, Petitioner was released "pursuant to the authority contained in section 236 of the Immigration and Nationality Act." (8 U.S.C. 1226). In addition, according to the Notice to Appear in Immigration Court, Petitioner's removal proceedings were conducted under section

240 of the Immigration and Nationality Act (8 U.S.C. § 1229a). The purpose of this removal proceeding under § 1229a is to "decid[e] the inadmissibility or deportability of a[] [noncitizen]."

29. In the case of *Vargas-Murillo v. Bondi*, Judge Liburdi concluded that people who are present in the United States without inspection by an immigration officer (such Petitioner in the case at bar) are not applicants for admission under Section 1225(b)(2)(A) and must receive a bond hearing without application of *Matter of Yajure Hurtado*. *Vargas-Murillo v. Bondi*, No. CV-25-03396-PHX-MTL (D. Ariz. Nov. 25, 2025).

35. Similarly, Judge Choudhury in the *Rodriguez-Acurio* case, supra, the facts of which are practically identical to the case at bar, found that a person in Petitioner's situation is not detained under Section 1225(b)(2)(A) and that Matter of Yajure Hurtado's opposite conclusion is incorrect. *Rodriguez-Acurio v. Almodovar*, 2:25-cv-06065, 2025 WL 3314420, at *52 (E.D.N.Y. Nov. 28, 2025).

**B. Procedural Due Process**

36. The Fifth Amendment guarantees that "[n]o person shall be … deprived of life, liberty, or property, without the process of law." U.S. Const. Amend. V.

37. Petitioner's detention violates his Fifth Amendment right to procedural due process.

38. Whether or not Respondents violated Petitioner's procedural due process rights by detaining him without any pre-deprivation notice or opportunity to be heard necessitates a balancing of the factors set forth in *Mathews v. Eldridge*[1]: (1) "the private interest that will be impacted by the official action"; (2) "the risk of an erroneous deprivation of such interest through the procedures used, and the probable value, if any, of additional or substitute procedural safeguards;" and (3)

---

[1] *See, e.g.*, *Martinez v. Noem*, No. 3:25-cv-430-KC, 2025 WL 2965859, at *3–5 (W.D. Tex. Oct. 21, 2025); *Santiago v. Noem*, No. 3:25-cv-361-KC, 2025 WL 2792588, at *10–13 (W.D. Tex. Oct. 2, 2025)

the[g]overnment's interest, including the fiscal and administrative burdens that the additional or substitute procedural requirement[s] would entail." 424 U.S. at 335.

39. Petitioner has a liberty interest in being free from detention. Respondents unequivocally infringed on his interest in being free from detention when they arrested him, and have held him in custody since that time.

40. Respondents did not evaluate whether had been any change of circumstances since Petitioner's release December 2021. Thus, without any individualized determination of flight risk or danger, and without consideration of whether there was any change of circumstances since his release there is a high risk of erroneous deprivation of a protected liberty interest. *Toro Rivera v. Noem*, 5:26-CV-00193, (S. D. Tex, Feb. 26, 2026); *Gutierrez Bacelar v. NOEM et. al.*, 3:26-cv-00321-KC, (W.D. Tex. Feb. 23, 2026)

41. Also, *Buenrostro-Mendez* does not control an evaluation of the Due Process Violation Claim. *Marceau v. Noem*, No. 3:26-cv-237-KC, 2026 WL 368953, at *2 (W.D. Tex. Feb. 9, 2026); *Hassen v. Noem*, No. 3:26-cv-48-DB, at *4 n.1 (W.D. Tex. Feb. 9, 2026).

42. Additionally, there is no evidence that Petitioner would be a flight risk or danger which might support the government's interest in detaining her. On the contrary, Petitioner has no criminal history and no history of missed immigration appointments.

43. Importantly, the Southern District Court has ruled that individuals as situated in the Petitioner shoes, who previously entered the United States without inspection and established ties to the country, have a valid Due Process Claim. *Bonilla Chicas v. Warden.*, 5:26-cv-00131, Dkt. No.11 (S.D. Tex. Feb. 20, 2026)

**C. Relief Pursuant to Maldonado Bautista**

44. Additionally, on November 25, 2025, the Central District of California certified a national class in Maldonado Bautista v. Santacruz, 2025 WL 3288403 (C.D. Cal. Nov. 25, 2025):

   **Bond Eligible** Class: All noncitizens in the United States without lawful status who (1) have entered or will enter the United States without inspection; (2) were not or will not be apprehended upon arrival; and (3) are not or will not be subject to detention under 8 U.S.C. § 1226(c), § 1225(b)(1), or § 1231 at the time the Department of Homeland Security makes an initial custody determination.

*Maldonado Bautista*, 2025 WL 3288403, at *1.

45. The Central District of California extended to the Bond Eligible Class as a whole the declaratory relief it had previously granted: that the Department of Homeland Security Policy of mandatory detention for all applicants for admission under § 1225 is unlawful. *Maldonado Bautista*, 2025 WL 3288403, at *9. On December 18, 2025, the *Maldonado Bautista* court entered a final judgment. *Maldonado Bautista et al v. Santacruz*, 2025 WL 3713987 (C.D. Cal. Dec. 18, 2025), *judgment entered sub nom. Maldonado Bautista v. Noem*, 2025 WL 3678485 (C.D. Cal. Dec. 18, 2025).

46. Nonetheless, the Executive Office for Immigration Review and its subagency the Immigration Court and the Department of Homeland Security (DHS) have blatantly refused to abide by the declaratory relief and have unlawfully ordered that Petitioner be denied the opportunity to be released on bond.

47. Immigration judges have informed class members in bond hearings that they have been instructed by "leadership" that the declaratory judgment in *Maldonado Bautista* is not controlling, even with respect to class members, and that instead IJs remain bound to follow the agency's prior decision in *Matter of Yajure Hurtado*, 29 I. & N. Dec. 216 (BIA 2025).

48. Petitioner is a member of the Bond Eligible Class, as he:

    a. does not have lawful status in the United States and is currently detained at the Webb County Detention Center. He was apprehended by immigration authorities on November 5, 2025 during a check-in appointment with ICE;

    b. entered the United States without inspection over 3 years ago, *cf. id.*; and

    c. is not detained under 8 U.S.C. § 1226(c), § 1225(b)(1), or § 1231.

## VIII. CLAIMS FOR RELIEF

### COUNT I
### Violation of 8 U.S.C. § 1226(a)
### Unlawful Denial of Release on Bond

49. Petitioner incorporates by reference the allegations of fact set forth in the preceding paragraphs.

50. The mandatory detention provision of 8 U.S.C. §1225(b)(2) does not apply to all noncitizens residing in the United States who previously entered the country and have been residing in the United States prior to being arrested and placed in removal proceedings by Respondents.

51. It does not apply to those who previously entered the country and have been residing in the United States prior to being apprehended and placed in removal proceedings by Respondents.

52. Such noncitizens are detained under §1226(a), unless they are subject to §1225(b)(1), §1225(c), or §1231. The application of §1225(b)(2) to Petitioner unlawfully mandates his continued detention and violates the INA.

### COUNT II
### Violation of Due Process Under the Fifth Amendment

53. Petitioner repeats, re-alleges, and incorporates by reference each and every factual allegation in the preceding paragraphs as if fully set forth herein.

54. The government may not deprive a person of life, liberty, or property without due process of law. U.S. Const. Amend. V. "Freedom from imprisonment—from government custody, detention, or

other forms of physical restraint—lies at the heart of the liberty that the Clause protects." *Zadvydas v. Davis*, 533 U.S. 678, 690 (2001).

55. Petitioner has a fundamental interest in liberty and being free from official restraint. The government's detention of Petitioner without any hearing at all to determine whether he is a flight risk or danger to others violates his right to due process.

## COUNT III
### Violation of the INA:
### Request for Relief Pursuant to *Maldonado Bautista*

56. Petitioner repeats, re-alleges, and incorporates by reference each and every allegation in the preceding paragraphs as if fully set forth herein.

57. As a member of the Bond Eligible Class, Petitioner is entitled to consideration for release on bond under 8 U.S.C. § 1226(a).

58. The Final Judgment in Maldonado Bautista holds that Respondents violate the INA in applying the mandatory detention statute at § 1225(b)(2) to class members.

59. The order granting class certification in Maldonado Bautista further orders that "[w]hen considering this determination with the MSJ Order, the Court extends the same declaratory relief granted to Petitioners to the Bond Eligible Class as a whole."

60. Respondents are parties to Maldonado Bautista and bound by the Court's judgment.

61. By denying Petitioner a bond hearing under § 1226(a) and asserting that he is subject to mandatory detention under § 1225(b)(2), Respondents violate Petitioner's statutory rights under the INA and the Court's judgment in Maldonado Bautista.

## X. PRAYER FOR RELIEF

**WHEREFORE**, Petitioner respectfully requests that this Court:

a. Assume jurisdiction over this matter; Order that Petitioner shall not be transferred outside the Southern District of Texas while this petition is pending;

b. Issue an Order to Show Cause ordering Respondents to show cause why this Petition should not be granted within 3 days;

c. Issue a Writ of Habeas Corpus, either (1) ordering his immediate release, (2) requiring an individualized custody redetermination hearing with an immigration judge;

d. Declare that Petitioner's detention is unlawful;

g. Grant any other and further relief that this Court deems just and proper.

DATED this 3rd day of March 2026.

Respectfully submitted,

_____

Ismael J. Labrador, Esq.
Attorney for Petitioner
FL Bar No.: 1030508
Gallardo Law Firm
8492 SW 8th St
Miami, FL 33144-4153
Telephone: 305-261-7000
Email:
ismaeljose@gallardolawyers.com

## **VERIFICATION PURSUANT TO 28 U.S.C. § 2242**

     I am submitting this verification on behalf of Petitioner because I am one of Petitioner's attorneys. I have discussed with the Petitioner the events described in this Petition. Based on those discussions, I hereby verify that the factual statements in the attached Petition for Writ of Habeas Corpus are true and correct to the best of my knowledge.

Executed on this 3rd day of March 2026.

 

_____

Ismael J. Labrador, Esq.
Attorney for Petitioner
FL Bar No.: 1030508
Gallardo Law Firm
8492 SW 8th St
Miami, FL 33144-4153
Telephone: 305-261-7000
Email:
ismaeljose@gallardolawyers.com